IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00769–MSK–KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ INET KB, and
GOTTFRID SWARTHOLM, individually,

    Defendants.

_____

ORDER ON MOTION and
PROTECTIVE ORDER
_____

This matter comes before the court on "Plaintiff's Motion for Protective Order" [Doc. No. 59]. The motion is **GRANTED** in part and the following Protective Order is hereby entered.

**IT IS HEREBY ORDERED**:

1.    This Order governs any information designated by a party as containing "confidential information" or "confidential – attorneys' eyes only." The form of information protected includes, but is not limited to, documents and things, responses and requests to produce documents or other things, deposition testimony and exhibits, interrogatory answers, and all copies, extracts, summaries, compilations, designations and portions thereof.

2.	Any information produced that a party or subpoenaed party reasonably and in good faith believes contains confidential information may be so designated by labeling the first page of the document "confidential." Any information produced that a party or subpoenaed party reasonably and in good faith believes contains confidential information would provide a competitive advantage to another party may be so designated by labeling the first page of the document "confidential – attorneys' eyes only." If a subpoenaed party does not designate any document or thing that a Party reasonably believes should be entitled to Confidential or Confidential-Attorney's Eyes only protections, such Party may make any such designation within 10 days of the production of any such document or thing by the subpoenaed party. For all other documents and things, the designation of confidentiality shall be made at the time of the production of the documents or things if they were produced after the entry of this Order. The designation may be made within 30 days of the entry of this Order for any other documents. For deposition testimony, the designation of confidentiality shall either be made on the record of the deposition, or within ten business days after receipt of the deposition transcript. For interrogatory answers, the designation of confidentiality shall be made at the time of the answer to the interrogatory is submitted. However each party retains the right to subsequently redesignate documents and to require such documents to be treated in accordance with such designations thereafter. Such disclosures shall not result in the waiver of any associated privilege.

3.	<u>Resolution of disputes regarding designation</u>.  If a Party takes issue with the designation of Confidential or Attorneys' Eyes Only, that party shall inform the other in writing, and the parties shall make a good faith effort to resolve the dispute. If the parties cannot resolve

the dispute regarding designation of confidentiality, the disputing party may request relief from the court ten business days after providing the disclosing party written notice confirming its belief that the good faith efforts to resolve the disagreement have failed. The burden of establishing that the document is entitled to protection is on the disclosing party. The challenged designation shall remain in effect until changed by order of the court or agreement of the parties.

4.     A.     <u>Access to Confidential Information</u>.  Access to information marked Confidential shall be limited to the following "Qualified Persons":

       i.     The Parties, including the officers, partners, in-house counsel and management employees of the parties or related entities which share common control or employees with the parties, unless the information is designated "Confidential Attorney's eyes only".

       ii.     The parties' independent third party attorneys, including any litigation assistant or paralegal employed by and assisting such counsel, and stenographic, secretarial or clerical personnel employed by and assisting such legal counsel in this action; Before any such person is permitted access to any of the confidential information, such person shall be informed of the existence and contents of this Protective Order execute such acknowledgment in the form of Exhibit A attached hereto;

       iii.     Persons who are directly and actively assisting trial counsel in the preparation of this action, including parties assisting in electronic discovery and mediators. Before any such person is permitted access to

      any of the confidential information, such person shall be informed of the existence and content of this Protective Order and execute such acknowledgment in the form of Exhibit A attached hereto;

   iv. any court reporter or typist recording or transcribing testimony given in this action and the court and court personnel;

   v. Experts and consultants retained in this matter by the attorneys in so far as the attorneys may deem it necessary for the preparation or trial of this matter. Prior to any expert or consultant being permitted access to any of the confidential information, each such expert or consultant shall first execute a declaration agreeing to be bound by the terms of this Protective Order in the form of Exhibit A attached hereto.

   vi. Any witness that a Party reasonably believes needs to review the information in order to prepare for or provide testimony in this matter. Prior to any witness being permitted access to any of the confidential information, each witness shall first execute a declaration agreeing to be bound by the terms of this Protective Order in the form of Exhibit A attached hereto.

  B. <u>Access to Confidential – Attorneys' Eyes Only Information</u>.  Information or documents designated as "confidential – attorneys eyes' only may be disclosed only to counsel for the parties, experts employed by the Parties in this matter, (and who are not Party employees), and not to any other person designated as a "qualified-person" under Section 4(A).

5. A. <u>Use of Designated Information</u>. Confidential and Confidential – Attorneys' Eyes Only information disclosed pursuant to this protective Order shall be used only for purposes of the above captioned matter and shall be protected from any unauthorized or unrelated use, or any use which results or attempts to result in a competitive advantage in the marketplace. Any deposition, upon any inquiry with regard to the content of a document marked "confidential" or "confidential-attorneys' eyes only", or when counsel for a party deems that the answer to a question shall result in the disclosure of confidential information, counsel for that party may request that all persons other than the reporter, counsel and individuals herein authorized leave the deposition room during the confidential portion of the deposition. All information designated as "confidential" or "confidential-attorneys' eyes only" information which is filed or lodged with the court shall be filed in accordance with D.C.COLO.LCivR. 7.1 and 7.2. The parties agree not to oppose any Motion to Seal filed in accordance with this section. Any objections to such Motion may be made in accordance with D.C.COLO.LCivR. 7.2(C).

B. <u>Protection of confidential attorneys' eyes only material by in-house counsel</u>. Plaintiff's representation by in-house counsel creates a conflict which requires that, as to any material produced by Defendants which is marked as "confidential-attorneys' eyes only," Plaintiff's counsel create and maintain a separate area of storage – either electronic or physical – which is not accessible by any person except named in-house counsel. This can be accomplished, for instance, by the use of uniquely password-protected and/or encrypted computer folders which are not visible without proper authentication or by the use of a locked storage area or container which is not accessible without a specific key or combination known only to counsel or by the

use of separate computer storage devices (i.e., 'stick' drives or disks) which are maintained in a locked physical storage container as described herein. Professional standards of conduct for in-house counsel, as well as all other counsel, require that counsel compartmentalize knowledge gained from "confidential attorneys' eyes only" discovery materials from other discovery and that such knowledge not be revealed to any unauthorized person, and specifically not to any employee or agent of any party company, without court order.

   6. <u>No Waiver</u>. Other than specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief.

   7. <u>Termination of Litigation</u>. Within thirty days of the final disposition of this matter, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record shall destroy or return to the disclosing party or its attorney the confidential information in their possession, custody or control or in the possession, custody or control of their staff, experts and constituents, and shall destroy all notes, memoranda or other documents which contain excerpts from any of the confidential information, except that counsel may retain one copy of such notices, memoranda or other documents for their files, and shall deliver to the disclosing party or its attorney written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing party may make application to the court for such further order as may be appropriate.

8. <u>Acceptance and Inadvertent Disclosure</u>. Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

9. In the event that any party hereto claims that any provision of the Protective Order has been violated, such party may move this Court, upon proper notice, for appropriate sanctions and/or other relief.

10. Nothing in this Protective Order shall be construed as limiting or negating the right of any party hereto to bring a motion to compel discovery in this action or as limiting or negating the right of any party to object to any discovery such party otherwise believes in good faith to be improper.

11. This Protective Order shall not preclude any party from using or disclosing any documents or materials created or maintained by that party for any lawful purpose.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 12th day of August, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge