IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00769–MSK–KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ INET KB, and
GOTTFRID SWARTHOLM, individually,

    Defendants.

**ORDER**

This matter is before the court on "Defendants Ethan Chumley's and Atlantic Building Systems, LLC's Motion to Strike New Legal Arguments Raised in Denver SEO, LLC's Amended Reply in Support of Motion for Attorney Fees Pursuant to Fed. R. Civ. P. 54.3 and C.R.S. § 13-17-102" [Doc. No. 188]. Denver SEO filed its Response to Ethan Chumley's and Atlantic Building Systems, LLC's (collectively "Chumley") Motion to Strike on March 24, 2014. [Doc. No. 191.]

On or about February 10, 2014, following a hearing on a motion to quash Chumley's Rule 45 subpoena, Denver SEO, LLC filed a motion requesting compensation for attorney fees incurred

in connection with the motion to quash.  [Doc. No. 174]  Chumley responded to Denver SEO's motion on March 4, 2014 and Denver SEO filed its Reply [Doc. No. 187] on March 11, 2014. Chumley moves to strike Denver SEO's Reply as raising new legal argument to which it has no opportunity to respond.

The court agrees with Chumley that the Reply of Denver SEO put forth a new theory of entitlement to attorney fees based on the bad faith exception to the American practice that prevailing parties are generally not entitled to collect attorney fees from a "loser" in litigation, as postulated in *Righthaven LLC v. Hill*, Civil Action 1:11-cv-00211-JLK, 2011 WL 4018105, *4 (D. Colo. September 9, 2011) and other cases.  The bad-faith exception to the "American Rule" allows a court to impose attorney fees as a sanction for bad-faith conduct in the course of litigation. *See Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 766 (10th Cir.1997). Accordingly, if a court finds a party acted in bad faith, vexatiously, wantonly, or for an oppressive reason "a court may award attorney fees to the aggrieved party."  *Righthaven*, *id*. (quoting *Mt. W. Mines, Inc. v. Cleveland–Cliffs Iron Co.*, 470 F.3d 947, 953–54 (10th Cir.2006).  *See also Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir.1984)).  The bad-faith exception allows a court to impose attorney fees as a sanction for bad-faith conduct in the course of litigation. *Righthaven, id*.  The Tenth Circuit has, however, set a high bar for bad-faith awards; in order to justify an award of attorney fees under the bad-faith exception, a court must "make a finding of bad intent or improper motive by the guilty party before awarding attorneys fees." *Id*. (quoting *Sterling Energy*, 744 F.2d at 1437).

When a party puts forth new arguments in a reply brief a court may: (1) choose not to rely on the new arguments in determining the outcome of the motion; or (2) permit the nonmoving

party to file a surreply.  *E.E.O.C. v. Outback Steak House of Florida, Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007) citing *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006); *Delarosa v. Coyote Pumping Services, Inc.*, Civ. Action No. 12-cv-01188-CMA-KMT, 2013 WL 2285779, *1 (D. Colo. May 23, 2013) (citations omitted).

Based on the facts deduced at the January 13, 2014 hearing and the court's findings, the court will consider the potential application of the bad-faith exception to the American Rule in making its recommendation to the District Court on Denver SEO's request for reimbursement of attorney fees.   Therefore, Chumley is entitled to file a surreply to "Denver SEO, LLC's Motion for Attorney Fees Pursuant to Fed. R. Civ. P. 54.3 and C.R.S. § 13-17-102" [Doc. No. 174].

It is therefore **ORDERED**

"Defendants Ethan Chumley's and Atlantic Building Systems, LLC's Motion to Strike New Legal Arguments Raised in Denver SEO, LLC's Amended Reply in Support of Motion for Attorney Fees Pursuant To Fed. R. Civ. P. 54.3 and C.R.S. § 13-17-102" [Doc. No. 188] is **GRANTED in part and DENIED in part**.   Defendants Ethan Chumley's and Atlantic Building Systems, LLC's may file their surreply to "Denver SEO, LLC's Motion for Attorney Fees Pursuant to Fed. R. Civ. P. 54.3 and C.R.S. § 13-17-102" **on or before April 21, 2014**.

Dated this 31st day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge