IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00769–MSK–KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

   Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ INET KB, and
GOTTFRID SWARTHOLM, individually,

   Defendants.

## ORDER

This matter is before the court on "Plaintiff/Counterclaim Defendant General Steel's and Third-Party Defendant Knight's Motion To Sever" ("Mot.") [Doc. No. 153]. "Defendants Ethan Chumley's and Atlantic Building Systems, LLC's Opposition To Motion To Sever" [Doc. No. 168] was filed on February 5, 2014. Perhaps recognizing its mistaken reliance on Fed. R. Civ. P. 20 and 21 as a mechanism to sever claims, as opposed to parties, Plaintiff did not file a timely Reply. However, given that the motion has not been withdrawn, it is ripe for review and ruling.

General Steel alleges that its claims against the Defendants solely focus on a narrow, targeted set of conduct by the Defendants but that "the Armstrong Defendants' counterclaims and third-party claims focus on unrelated conduct putatively committed by General Steel." (Mot. at 2). General Steel argues that there is no factual relationship between the parties' claims or the remedies being sought and that General Steel will be prejudiced by a chance of jury confusion if the Armstrong Defendants' counterclaims alleging certain wrongdoing by General Steel in its own advertising, are tried at the same time. General Steel requests that the Armstrong Defendants' counterclaims be severed pursuant to Fed. R. Civ. P. 21.

Rules 19, 20 and 21 govern joinder and misjoinder of parties. Rule 21 is entitled, "Misjoinder and Nonjoinder of **Parties**." Fed. R. Civ. P. 21 (emphasis added). Neither Rule 19, 20 or 21 address the joinder of claims. Joinder of claims is addressed by Fed. R. Civ. P. 18 and provides that any party may join as many claims as it has against an opposing party, including contingent claims. *Id*. Counterclaims are governed by Fed. R. Civ. P. 13. Pursuant to Rule 13(b), "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory.[1] *Id*. (emphasis added.)   Fed. R. Civ. P. 21 (emphasis added).

The apparent confusion over when claims may be severed comes from the language of Fed. R. Civ. P. 21,

---

[1] A compulsory counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claims; and does not require adding another party over whom the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a)(1).

2

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop **a party**. The court may also **sever any claim** against a party."

*Id*. (emphasis added).  Thus, "[t]o remedy misjoinder, . . . the court has two remedial options: (1) **misjoined parties** may be dropped on such terms as are just; or (2) any claims against **misjoined parties** may be severed and proceeded with separately." *Nasious v. City and County of Denver-Denver Sheriff's Dept.*, 415 Fed. Appx. 877, 880-881, 2011 WL 595789, *3 (10th Cir. Feb. 22, 2011) (quoting *DirecTV, Inc. v. Leto,* 467 F.3d 842, 844 (3d Cir.2006) (emphasis added).

In considering whether a severance under Rule 21 is appropriate, the Court must first determine whether misjoinder has occurred. *See Schudel v. Mille,* Case No. 12-cv-01864-REB-KLM*,* 2013 WL 1815730, *4 -5 (D. Colo. April 29, 2013).  If it has, the Court then separately determines whether to drop parties or sever claims in order to remedy the misjoinder.  *Id.*

The court finds no misjoinder of parties in this case.[2]  Since Plaintiff fails to satisfy step one of the process, there can be no severance under Rule 21 and there is no cause to analyze the situation further.

---

[2] In order to effectuate the remedy it seeks, General Steel may be conflating its argument with a request to bifurcate the existing claims for trial pursuant to Fed. R. Civ. P. 42(b).  Pursuant to this Rule the District Court could elect to conduct one trial for General Steel's direct claims in the case and a separate trial involving the Armstrong Defendants' counterclaims.  However, the instant motion does not make a Rule 42(b) request.  Such a request must be brought as a separate motion to allow the District Court to make a determination on that issue since it is the District Court, not this Magistrate Court, which will be required to hold more than one trial should Plaintiff's request be granted.

It is **ORDERED**

"Plaintiff/Counterclaim Defendant General Steel's and Third-Party Defendant Knight's Motion To Sever" [Doc. No. 153] is **DENIED**.

Dated this 3d day of April, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge