**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-00769-MSK-KMT

**GENERAL STEEL DOMESTIC SALES, LLC, a Colorado limited liability company, doing business as General Steel Corporation,**

    Plaintiff,

v.

**ETHAN DANIEL CHUMLEY, individually;
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as Armstrong Steel Corporation;
GOTTFRID SWARTHOLM, individually;
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP), doing business as PRQ Inet KB; and
GOTTRID SWARTHOLM, individually.**

    Defendants,

v.

**JEFFREY KNIGHT, individually.**

    Third-Party Defendant.

---

**ORDER ADOPTING RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#201**) that the Court grant in part and deny in part the Motion to Dismiss (**#147**) filed by General Steel Domestic Sales, LLC ("General Steel") and Mr. Knight, General Steel's chief executive officer. General Steel filed a Memorandum of Law in Support of the Motion to Dismiss (**#148**). Atlantic Building Systems, LLC, d/b/a Armstrong Steel Corporation,

("Armstrong") filed a Response to the Motion to Dismiss (**#164**), along with a Brief in Opposition (#165).  General Steel and Mr. Knight filed a Reply (**#176**).

The Motion to Dismiss asserts two arguments for dismissal of Armstrong's Amended Counterclaims (**#117**) for failure to state a claim.  First, General Steel moves to dismiss count two of the Amended Counterclaims, which alleges a cause of action for false advertising pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Second, Mr. Knight moves to dismiss the third-party claims asserted against him for copyright infringement and false advertising pursuant to the Lanham Act.

The Magistrate Judge's Recommendation concluded that the Motion to Dismiss should be granted in part and denied in part.  Specifically, the Magistrate Judge found that Armstrong (i) set forth sufficient facts to establish a plausible Lanham Act claim against General Steel, but (ii) failed to allege sufficient facts to support a plausible inference that Mr. Knight personally participated in or actively directed any of the activities underlying the third-party claims.

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made.  *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  When no party files objections to a magistrate judge's recommendation, the court may apply whatever standard of review it deems appropriate.  *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

More than fourteen days have passed since the Magistrate Judge issued the Recommendation, and no party has filed objections.  Having reviewed the Recommendation, the

Court finds no clear error of law or abuse of discretion and therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that

(1) The Court the Recommendation (**#201**) is **ADOPTED**.

(2) The Motion to Dismiss (**#147**) is **GRANTED IN PART**, insofar as the third-party claims against Mr. Knight are dismissed, and **DENIED IN PART** as to the remainder of the Motion.

Dated this 20th day of May, 2014.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
Chief United States District Judge