IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00769–MSK–KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ INET KB, and
GOTTFRID SWARTHOLM, individually,

    Defendants.

## ORDER

This matter is before the court on "Defendants/Counterclaimant's (sic) Motion to Amend the Scheduling Order" [Doc. No. 203] filed May 14, 2014. "General Steel's Response in Opposition to Armstrong's Motion to Amend the Scheduling Order" [Doc. No. 205] was filed on May 16, 2014.

Defendants seek additional time for discovery and request that the court extend the discovery deadline for a period of approximately three months. Further, Defendants seek a concomitant extension of the deadlines for expert disclosures within the newly expanded discovery period. As grounds, the Defendants claim that they have pending objections to the

court's January 13, 2014 discovery order pending before the District Court and that, if they prevail, they will need to provide the information to an expert to calculate disgorgement damages. Defendants argue that they cannot disclose any report from a damages expert without this information. (Mot. ¶ 4.) Further, Defendants allege there are other discovery disputes – none of which have been brought to the attention of the court through motion at the time of the filing of the motion – and that they elected, starting in March, 2014, to engage in settlement negotiations and did not hire an expert as long as there was the "possibility of settlement of the case." (*Id*. at ¶ 6.)

The filing of the instant motion itself does not stay any discovery obligation of the filing party. See D.C.COLO.LCivR 6.1(F). Further, Defendants' objections to this Court's discovery order regarding Plaintiffs' financial information [Doc. No. 173], likewise do not stay any deadline nor provide the parties with relief from their discovery obligations. See D.C.COLO.LCivR 30.2(B). Should the Defendants prevail on their objections to the District Court, additional time for an expert to review the new information the Defendants might receive as a result would likely be granted.

Additionally, the financial information sought by Defendants and denied by this court relates, if at all, only to the remedy of disgorgement and as such would not affect dispositive motions practice.[1] Defendants have presumably complied with their Fed. R. Civ. P. 11 obligations, have received substantial discovery in this case and the preceding case before Judge Brimmer and have adequate evidence to support their allegations and to mount their defense without the financial information of General Steel.

---

[1] This court has found that as the record stands, the Defendants have not met even a threshold showing that they would be entitled to the extraordinary remedy of disgorgement. (Transcript January 13, 2014 at 32 [Doc. No. 178].)

The court notes that Defendants' motion was filed at **4:54 p.m.** on the day the Defendants' affirmative expert disclosures were due, May 14, 2014. Given the reasons set forth in the Motion to request an extension of the expert disclosure deadlines, the delay in filing the motion is inexcusable. The court has no choice but to draw the inference that the Motion was purposefully filed six minutes before the close of business on the day expert disclosures were due in order to gain the tactical advantage of having Plaintiffs make their expert disclosures without knowing that the Defendants would not be disclosing theirs. (See Resp. at ¶ 2.) This is precisely what happened.

Plaintiffs have presented credible evidence that they are suffering ongoing harm by the Defendants' continued activity and that any extension of time will cause them further ongoing prejudice. (Resp. at ¶ 5.; Exs. 1 and 2.)

For all these reasons, this court finds there are no grounds to support an extension of any of the time deadlines in the Scheduling Order, including disclosure of affirmative experts which deadline was May 14, 2014.

It is **ORDERED**

"Defendants/Counterclaimant's Motion to Amend the Scheduling Order" [Doc. No. 203] is **DENIED**.

Dated this 30th day of May, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge