IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

| | | | |
|---|---|---|---|
| Civil Action No: | 13-cv-00769-MSK-KMT | Date: | June 20, 2014 |
| Courtroom Deputy: | Sabrina Grimm | FTR: | Courtroom C-201 |

*Parties:* — *Counsel:*

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a                 David Fein
GENERAL STEEL CORPORATION, a Colorado                    Henry Solano
limited liability company,

   Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,                      John Baird
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware               Paul Grant
corporation, doing business as ARMSTRONG STEEL           Peter Lemire
CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED
PARTNERSHIP) doing business as PRQ INET KB, and
GOTTFRID SWARTHOLM, individually,

   Defendants.

## COURTROOM MINUTES

**MOTION HEARING**

**9:58 a.m.**    **Court in session.**

Court calls case. Appearances of counsel.

Also present Bruce Graham, company representative for Plaintiff, Defendant Ethan Chumley and Eric Beavers.

**ORDERED:** Plaintiff's Motion to Strike and to Preclude Testimony [235] is GRANTED IN PART. Documents [232-8], [232-9], [232-10], [232-11], and [232-12] shall be STRICKEN.

**ORDERED:** Defendants Ethan Chumley's and Atlantic Building Systems, LLC's Motion to Submit Their Opposition to Plaintiff General Steel Domestic Sales LLC's

> **Motion for Order Prohibiting Employee and Employee Family Contacts, and Exhibits to Same, Under Level Two Restriction [231] is DENIED.  Document [232] shall be unrestricted.**

Mr. Solano requests the sequestration of witnesses.

**ORDERED:   Mr. Solano's request for sequestration is DENIED.**

Statement by Mr. Baird regarding the exhibits that may be used for today's hearing.

10:16 a.m.    Plaintiff's witness, Megan Fein, sworn.  Ms. Fein is appearing by telephone.

Direct examination of Ms. Fein by Mr. Solano.

10:35 a.m.    Cross examination of Ms. Fein by Mr. Baird.

10:39 a.m.    Plaintiff's witness, David Fein, sworn.

Direct examination of Mr. Fein by Mr. Solano.

**Plaintiff's Exhibits 2, 1, 1A, 1B, 1C, ID, and 8 are identified, offered, and admitted.**
**Plaintiff's Exhibit 9 is identified, offered, and rejected.**

11:18 a.m.    Cross examination of Mr. Fein by Mr. Baird.

**Defendants' Exhibit A, page 3, is identified, offered, and admitted.**
**Plaintiff's Exhibit 12 is identified, offered, and admitted.**

11:39 a.m.    Redirect examination of Mr. Fein by Mr. Solano.

**11:41 a.m.    Court in recess.**
**11:52 a.m.    Court in session.**

11:53 a.m.    Plaintiff's witness, Defendant Ethan Chumley, sworn.

Direct examination of Mr. Chumley by Mr. Fein.

**Plaintiff's Exhibits 4 and 6 are identified, offered, and admitted.**

12:28 p.m.    Cross examination of Mr. Chumley by Mr. Baird.

**Defendants' Exhibits C, B, F, and G are identified, offered, and admitted.**

1:22 p.m.    Redirect examination of Mr. Chumley by Mr. Fein.
1:29 p.m.    Recross examination of Mr. Chumley by Mr. Baird.

**1:30 p.m.**      **Court in recess.**
**1:40 p.m.**      **Court in session.**

Discussion and argument regarding contact with opposing counsel's friends and relatives.

The court finds that the email sent to David Fein on Christmas Day 2012 by Mr. Chumley was specifically designed to be threatening and was intended to make Mr. Fein apprehensive and to affect his ability to act as counsel for General Steel. The court also finds that the emails Mr. Chumley sent his own counsel approximately one half hour later were an attempt to provide himself cover from accusations that he was deliberately threatening and harassing Mr. Fein and to provide Mr. Chumley with an illusion that he was simply imparting holiday cheer.

The Court specifically finds that Mr. Chumley has been advised that Mr. Fein and his daughter have expressed fear of Mr. Chumley and any contact from or by him, including requests from social membership sites, is unwanted and designed to cause fear and apprehension which could result in obstruction of Mr. Fein's ability to act as counsel for General Steel.

The court addresses Mr. Chumley directly and advises Mr. Chumley that even when the case is completed, any contact he may make with these prohibited parties is unwelcome. Therefore, any such contact could result in law enforcement agencies becoming involved and could result in criminal charges being brought against him.

**ORDERED:**      **General Steel's Motion for Order Prohibiting Employee and Employee Family Contacts [210] is GRANTED IN PART AND DENIED IN PART. Mr. Chumley is not permitted to contact opposing counsel and/or their family members in any way or manner while this case is pending. The court declines, at this time, to impose restrictions upon Mr. Chumley's contact with General Steel employees for purposes of potential job recruitment.**

**2:09 p.m.**      **Court in recess.**

Hearing concluded.
Total in-court time    03:50

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.