IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00769–MSK–KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ INET KB, and
GOTTFRID SWARTHOLM, individually,

    Defendants.

## ORDER

This matter is before the court on "Denver SEO, LLC's Motion for Attorney Fees Pursuant to Fed. R. Civ. P. 54.3[1] and C.R.S. § 13-17-102" [Doc. No. 174] ("Mot.")(footnote added). Ethan Chumley and Atlantic Building Systems, LLC (collectively "Chumley") responded to Denver SEO's motion on March 4, 2014 [Doc. No. 184], and Denver SEO filed its Reply [Doc. No. 187] ("Reply") on March 11, 2014.  "Defendants Ethan Chumley's and Atlantic Building Systems, LLC's Surreply in Opposition to Denver SEO, LLC's Motion for Attorney Fees" [Doc.

---

[1] Denver SEO has explained that this citation was an error and that it meant to reference instead D.C.Colo.LCiv.R 54.3 which sets forth the pleading requirements for any motion requesting an award of attorney fees.

No. 200] was filed on April 21, 2014. The matter is ripe for ruling.

*Background*

Denver SEO filed a Motion to Quash [Doc. No. 118] ("Mot. Quash")a subpoena that had been served upon them by Chumley on November 29, 2014. Denver SEO, LLC operates as a digital marketing firm specializing in search engine optimization, pay-per-click advertising, and web development. (*Id*.) Plaintiff, General Steel, utilized the services of Denver SEO as a consultant with respect to its internet marketing. (Transcript of January 13, 2014 hearing [Doc. No. 178] ("Trans.") at 13.) Denver SEO presented evidence that compliance with the defendants' overbroad Rule 45 subpoena would take approximately 66 hours of the owner's time, and was therefore extremely and unduly burdensome. (*Id*. at 16.) The court found that the information sought by Defendants from SEO was overbroad, irrelevant, unnecessary, and was a fishing expedition designed to gain information about how its competitor, General Steel, optimizes its internet advertising. (*Id*. at 22.) The court determined that the subpoena was served for purposes of its own use in business, not for purposes of this litigation, and was therefore an abuse of Fed. R. Civ. P. 45. (*Id*. at 37.) However, because Denver SEO did not request to be awarded its fees and costs for drafting, filing, and presenting the Motion to Quash, the court did not consider such an award at the time of the hearing. (*Id*. at 34, 37).

**A.     Timeliness of Motion**

The defendants assert that the filing of this motion must be governed by Fed. R. Civ. P. 54(d)(2). This court disagrees. Fed. R. Civ. P. 54 states,

> Rule 54. Judgment; Costs
> (a) Definition; Form**.** "Judgment" as used in these rules includes *a decree and any order from which an appeal lies*. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings

*Id.* (emphasis added).

Rule 54 applies to Judgments and the allocation of costs and shifting of attorney's fees related to a Judgment. No Judgment was entered in this case. Therefore Denver SEO was under no burden associated with Rule 54 with respect to the instant motion.

    **B.**     **Fed. R. Civ. P. 45**

A number of the Rules of Federal Civil Procedure provide for the imposition of attorney's fees as a sanction. *See* Fed. R. Civ.P. 11 (certification requirement for papers), 16(f) (pretrial conferences), 26(g) (certification requirement for discovery requests), 30(g) (oral depositions), 37 (sanctions for failure to cooperate with discovery), 56(g) (affidavits accompanying summary judgment motions). In each case, the fees that may be assessed are limited to those incurred as a result of the Rule violation with the exception of Rule 11, where a violation could conceivably warrant an imposition of fees covering the entire litigation, if, for example, a complaint or answer was filed in violation of the Rule.[2]

The instant motion concerns the court's finding of abuse of discovery pursuant to the provisions of Rule 45. Fed. R. Civ. P. 45(d)(1) provides

> **(d) Protecting a Person Subject to a Subpoena; Enforcement.**
> **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

---

[2] Fed. R. Civ. P. 11(d) specifically limits the Rule to applications <u>not</u> involving discovery: "(d) **Inapplicability to Discovery.** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Although the Rule does not specifically include Rule 45 subpoenas, this subpoena was issued in the course of discovery in this case and the court finds Rule 11 inapplicable to this Motion.

*Id.* Further, Fed. R. Civ. P. 45(d)(3) provides

> **(3)** *Quashing or Modifying a Subpoena*.
> **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . .
>   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>   **(iv)** subjects a person to undue burden. . . .
> **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
> **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or . . .

*Id.* While the court granted the Motion to Quash under these provisions, the only right for imposition of attorney's fees and costs contained within the strict boundaries of Rule 45 is when the serving party does not adhere to its duty to take reasonable steps to avoid imposing undue burden or expense on the party subject to a subpoena.

Federal courts possess the inherent power to sanction conduct that abuses the judicial process. *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 765-766 (10th Cir. 1997) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46 (1991)). The assessment of attorney's fees is "undoubtedly within a courts inherent power. . . ." *Chambers*, 501 U.S. at 45; *see also Hutto v. Finney,* 437 U.S. 678, 689 n.14 (1978). Fees awarded against a party for proceeding in bad-faith during the litigation are punitive, "designed to punish the abuse of judicial process rather than the original wrong [underlying the action]." *Towerridge*, 111 F. 3d at 766 (considering an award of fees at the conclusion of a case where bad faith was found.) Because the origin of the bad-faith exception is the federal judiciary's necessary and inherent power to police proceedings before it, a court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers*, 501 U.S. at 45-46.

A party acts in bad faith only when the actions taken during the litigation are "entirely without color and [have] been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Sterling Energy, Ltd. v. Friendly Nat. Bank,* 744 F.2d 1433, 1435 (10th Cir. 1984). The standard for bad faith awards is stringent, for "[o]therwise those with colorable, albeit novel, legal claims would be deterred from testing those claims in a federal court." *Id.*

This court has considered whether the defendants' actions in issuing the subpoena to Denver SEO and thus forcing Denver SEO to bring the Motion to Quash justify shifting costs under Rule 45(d)(1). *Western Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, Case No. 11–cv–01611–MSK–CBS, 2014 WL 1257762, at *24-25 (D. Colo. March 27, 2014). The Advisory Committee Notes to Rule 45 acknowledge that subsection (c)(1) was added in 1991 and "gives specific application to the principle stated in [Fed. R. Civ. P.] 26(g)[3]. . . ." Adv. Note, 1991 Amd., Subsection (c) (footote added); *Western Convenience Stores,* 2014 WL 1257762, at *24-25; *see also Builders Association of Greater Chicago v. City of Chicago,* No. 96C1 122, 2002 WL 1008455, at *5 (N.D. Ill. May 13, 2002). One circuit court has recently observed that "[b]ecause Rule 45[(d)](1) gives 'specific application' to Rule 26(g), it follows that a violation of any one of the Rule 26 duties will be relevant to assessing propriety of sanctions under Rule 45[(d)](1)'s 'undue burden' language." *Mount Hope Church v. Bash Back!,* 705 F.3d 418, 425 (9th Cir. 2012).

---

[3] Federal Rule of Civil Procedure 26(g)(1)(B) requires parties seeking discovery to act (1) consistently with the rules of existing law or with good reason to change the law; (2) without bad faith; and (3) reasonably without imposing undue burden or expense considering the needs of the case.

As the court noted in *Western Convenience Stores, Inc.*,

> Rule 26(g) charges those responsible for the success or failure of pretrial discovery—the trial judge and lawyers for the adverse parties—with approaching the process properly: discovery must be initiated and responded to responsibly, in accordance with the letter and spirit of the discovery rules, to achieve a proper purpose (i.e., not to harass, unnecessarily delay, or impose needless expense), to be proportional to what is at issue in the litigation, and if it is not, the judge is expected to impose appropriate sanctions to punish and deter.

*Western Convenience Stores,* 2014 WL 1257762, at *24-25 (quoting *Mancia v. Mayflower Textile Services, Co.,* 253 F.R.D. 354, 360 (D. Md. 2008)); *Cf. Qualcomm Inc. v. Broadcom Corp.,* No. 05cv1958–B (BLM), 2008 WL 66932, at *7 (S.D. Cal. 2008) ("Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. . . .  This subdivision provides a deterrent to both excessive discovery and evasion.") (*vacated in part on other grounds,* No. 05CV1958–RMB (BLM), 2008 WL 638108 (S.D. Cal. March 5, 2008)).

This court has found and continues to find that the subpoena issued by Defendants to SEO Denver was issued for the improper purpose of gaining a business advantage over its competitor, General Steel, and not for purposes of honest discovery pertaining to the issues arising in this action.  Therefore, this court finds Ethan Chumley and Atlantic Building Systems, LLC violated their duties under Rule 26(g) and sanctions pursuant to Rule 45(d)(1) are appropriate.  This court finds that the costs, including attorney's fees, SEO Denver was forced to incur -- to the extent those costs and fees are reasonable -- is the appropriate sanction for the defendants' behavior.[4]

---

[4] The court finds it unnecessary to address Denver SEO and the defendants' arguments pursuant to Colo. Rev. Stat § 13-17-102 or the exceptions to the "American Rule" regarding the shifting of attorney fees subsequent to final judgment in a federal civil case.

### C. Reasonableness of Attorney Fees and Costs

In *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id.* (internal citations omitted.) The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community," *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter,* 61 F.3d 1505, 1510 (10th Cir. 1995).

Denver SEO's request for attorney fees is supported by the Affidavit of J. Aaron Atkinson, counsel for this non-party.[5] ("Mot., Ex. 1 [Doc. No. 174-1].) Mr. Atkinson states that the fees submitted in connection with Denver SEO's Motion to Quash were actually billed to his client Denver SEO at an hourly rate of $245 per hour for a partner billing and $140 per hour for an associate billing. Mr. Atkinson avers that, "[t]he fees are reasonable based on the experience of the attorneys that have worked on this case, and are well within the standard for the industry. All fees incurred have been necessary for the representation of Denver SEO, LLC in this matter." (*Id.*) There is no resume attached for either billing attorney..

---

[5] D.C.COLO.LCivR 54.3 requires that any motion for attorney fees shall be supported by affidavit and shall include for each person for whom fees are claimed, "(1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed."

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd.*, 295 F.3d at 1078; *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Elias v. Univ. of Kan. Med. Ctr.*,163 F.3d 1186, 1203 (10th Cir. 1998). In this court's experience, a billing rate of $140.00 per hour for firm associates and $245.00 per hour for firm partners is in line with, and actually somewhat lower than, those in the Denver attorney community. Therefore, the actual resumes of the billing attorneys are not particularly germane to the court's findings on reasonableness. *See Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005) (court may rely on its knowledge of rates for lawyers with comparable skill and experience practicing in the subject District).

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm,* 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987) (*Ramos* impermissibly allowed a risk of loss enhancement to lodestar). Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth*, 406 F.3d at 1257. If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. Ultimately, the court's goal is to fix a fee that would be equivalent to what the attorney would

reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses.  *Ramos*, 713 F.2d at 553.

Denver SEO submitted relatively detailed billing records for Associate Attorney Tobey, lead attorney Atkinson and two entries for a Legal Assistant.   The Legal Assistant appeared to have billed largely for non-compensable clerical tasks which should not be allowed.  *See Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989).   For the same reason, Associate Attorney time spent putting together a hearing notebook also is disallowed.   Additionally, this court finds that Associate Attorney Tobey's billings for drafting the original Motion to Quash were excessive. "When counsel is inexperienced, a losing party should not be obligated to pay for that counsel's legal education."   *Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1202-05 (10th Cir. 1986). Therefore, this court orders that Ms. Tobey's hours in November 2013 be limited to 6.1 hours and in December 2013 limited to 4.9 hours.   Mr. Atkinson's hours spent negotiating or conferring with Mr. Lemire in November 2013 are not allowable under the circumstances of this motion. The court finds reasonable Mr. Atkinson's 1.2 hour entry to revise the Motion to Quash and the Affidavit in November 2013, but will disallow the 2.6 hour entry in December to review and revise the Reply in light of the hours allowed to Associate Attorney Tobey to prepare the Reply and Mr. Atkinson's earlier entry of 1.7 hours to review the same.   The court finds reasonable the time allotted for Mr. Atkinson to meet with his client in November 2013 of .6 hours and in January 2014 or 1.4 hours.   The court also will allow the 3.4 hours for Mr. Atkinson's attendance at the hearing on January 13, 2014 and the additional 1.4 hours for preparation.   Therefore, the court finds reasonable 1.2 hours total for Mr. Atkinson's fees in November 2013, 1.9 hours in December 2013 and 4.8 hours in January 2014.   The total allowable fees, therefore, is 11 hours at $140.00 per hour

($1,540.00) and 7.9 hours at $245.00 per hour ($1,935.50), for a total award of fees of $3,475.55.

WHEREFORE, it is

**ORDERED** "Denver SEO, LLC's Motion for Attorney Fees Pursuant to Fed. R. Civ. P. 54.3 and C.R.S. § 13-17-102" [Doc. No. 174] is **GRANTED**. It is further

**ORDERED** Ethan Chumley and Atlantic Building Systems, LLC, shall pay to Denver SEO the sum of $3,475.55 in full on or before August 1, 2014.

Dated this 7th day of July, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge