IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00769–MSK–KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a
Colorado limited liability company,

      Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as
ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ
INET KB, and
GOTTFRID SWARTHOLM, individually,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on "Plaintiff's Motion for Default Judgment Against

Defendants PRQ and Swartholm" [Doc. No. 108] ("Mot.") filed November 18, 2013.

"Defendants Ethan Chumley's and Atlantic Building Systems, LLC's Response to Motion for

Default Judgment Against Defendants PRQ and Swartholm" ("Chumley Resp.") [Doc. No. 129]

was filed on December 12, 2013, and Plaintiff filed its Reply on December 30, 2013 [Doc. No.

140].   Defendants PRQ Internet Kommanditbolag (Limited Partnership) doing business as PRQ

INET KB,("PRQ") and Gottfrid Swartholm, individually, did not file a response.

This case was filed on March 25, 2013, alleging federal jurisdiction pursuant to the Lanham Act, Title 15 U.S.C. § 1125, *et seq.*   Both PRQ and Swartholm were personally served on April 4, 2013, at the Marifred Prison outside Stockholm, Sweden with the Summons and Complaint in this action, but have failed to respond within the ninety days allotted by the Federal Rules of Civil Procedure.   [Doc. No. 50-1, Ex. A.]   The Clerk entered Default against PRQ and Swartholm on July 11, 2013 [Clerk's Entry of Default; Doc. No. 51].   Neither PRQ nor Swartholm responded to the entry of default.

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55.   A defendant who fails to answer, plead, or otherwise properly defend an action is deemed to have admitted the factual allegations of the complaint as true.   *Brill Gloria Hausund Gartengeräte GmbH v. Sunlawn, Inc.*, Case No. 08-cv-00211-MSK-MEH, 2009 WL 416467, *2 (D. Colo. Feb. 18, 2009.)   In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits.   *Id.*; *Deery American Corp. v. Artco Equipment Sales, Inc.*, Case No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).   Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.   *Procom Supply, LLC v. Langner*, Case No. 12-cv-00391-MSK-KMT, 2012 WL 4856724, *2 (D. Colo. Oct. 11, 2012); *See McCabe v. Campos*, Case No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008.)

A default is not treated as a confession of liability, and, by failing to respond, a defendant does not concede the plaintiff's legal conclusions.   *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *Procom Supply* at *3-4.   A trial court is vested with broad discretion in deciding whether to enter a default judgment.   *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

*ANALYSIS*

There is only one claim for relief asserted in the Amended Complaint against Defendants

PRQ and Swartholm, for False Advertising in violation of Title 15 U.S.C. § 1125(a)(1)(B) (First

Claim for Relief).   [Doc. No. 101, Am. Compl. at ¶¶ 46-55.]   To sustain its claim of false

advertising under 15 U.S.C. § 1125(a)(1)(B), Plaintiff must establish that: (1) Defendants

(including PRQ and Swartholm along with Chumley and Armstrong Steel) made a false or

misleading description of fact or representation of fact in a commercial advertisement about their

services; (2) the misrepresentation is material, in that it is likely to influence a consumer's

purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a

substantial segment of its audience; (4) Defendants placed the false or misleading statement in

interstate commerce; and (5) Plaintiff has been or is likely to be injured because of Defendants'

misrepresentation.   *Berken v. Jude,* Case No. 12–cv–02555–RPM, 2013 WL 6152347, at *2 (D.

Colo. Nov. 22, 2013) (referencing *Zoller Labs., LLC v. NBTY, Inc.,* 111 F. App'x 978, 982 (10th

Cir. 2004) (quoting *Scott Co. v. United Indus. Corp.,* 315 F.3d 264, 272 (4th Cir. 2002) (collecting

cases)).

Plaintiff presents the same factual proof as to each of the five elements of the claim with

respect to all Defendants, notwithstanding that PRQ and Swartholm, owners of the offending

website on which the alleged false advertising appears, are positioned differently than Chumley

and Armstrong Steel, alleged creators and posters of the false advertising on the offending website.

Plaintiff does, however, now request different remedies applicable to the two sub-groups.

Plaintiff's complaint states

> 53.      As a direct and proximate result [of the false advertising],
> General Steel has been injured and sustained damages as identified
> herein in amounts to be proven at trial.
> 54. Plaintiff also seeks trebling of said damages and disgorgement of Defendants'
> profits.
> 55. General Steel is also entitled to temporary and/or final injunctions to prevent or
> restrain further violations.

(Am. Compl., ¶¶ 52-54.)

In spite of the Amended Complaint's request for monetary damages against all four

defendants, Plaintiff now asserts that it seeks only injunctive relief against Defendants PRQ and

Swartholm in the form of entry of a permanent injunction and an order transferring ownership of

the domain www.steelbuildingcomplaints.com to Plaintiff.   (Mot. at 9.)

Whether or not default judgment is entered against Defendants PRQ and Swartholm, the

false advertising claim will remain applicable to the two non-defaulting defendants, Chumley and

Armstrong Steel.   Plaintiff has not abandoned its claim for monetary damages and injunctive

relief as to those defendants.   As a result, Chumley and Armstrong Steel argue that Plaintiff's

Motion for Default Judgment is not ripe pursuant to *Frow v. de la Vega*, 82 U.S. 552, 554 (1972).

The general rule of *Frow* is described as follows: "when one of several defendants who is

alleged to be jointly liable defaults, judgment should not be entered against him until the matter

has been adjudicated with regard to all defendants, or all defendants have defaulted."   *See Hunt v.*

*Inter-Globe Energy, Inc*., 770 F.2d 145, 147 (10th Cir, 1985) (quoting 10 C. Wright, A. Miller &

M. Kane, *Federal Practice and Procedure* § 2690, at 455-56 (1983)).   In *Frow*, the plaintiff

brought an action against Frow and thirteen other defendants, charging eight of them, including

Frow, with a joint conspiracy to defraud the plaintiff out of a tract of land.   82 U.S. at 553.   Frow

failed to answer timely, and a decree *pro confesso,* similar to the default judgment requested by the

instant motion, was taken against him.   The district court subsequently entered a final decree

adjudging the title of the land to be in the plaintiff and awarding a permanent injunction against

defendant Frow.   After the entry of the final judgment against Frow, the court proceeded to try the

case and decided on the merits that the title of the land should not go to plaintiff and dismissed the

complaint with no injunctions as to any of the other defendants.   *Id*. at 554.   Frow was the only

defendant, therefore, who was subject to a permanent injunction which was not upheld on the

merits at trial.

Interestingly, in light of the case at bar, *Frow* involved no monetary damages; the award in

favor of the plaintiff and against defaulting defendant Frow involved only injunctive relief, just as

would be the case here if default judgment were to enter now against PRQ and Swartholm.   On

appeal, the Supreme Court reversed the default judgment against Frow, concluding that when

multiple defendants are alleged to be jointly liable and fewer than all defendants default, the

district court may not render a **liability determination** as to the defaulting parties unless and until

the remaining defendants are found liable on the merits.   *Id*. at 554 (emphasis added).   The Tenth

Circuit has concluded that the result in *Frow* "avoids inconsistent liability determinations among

joint tortfeasors."   *Hunt*, 770 F.2d at 147.

Colorado courts in the Tenth Circuit have remained supportive of *Frow* even when

damages vary as to the multiple defendants in one claim.   In the most recent example, *Benton v.*

*Avedon Engineering, Inc*., Case No. 10-cv-01899, 2012 WL 2402839, at \*1 (D. Colo. June 26,

2012), Senior Judge Richard P. Matsch stated

> [W]hen one of several defendants who is alleged to be jointly liable defaults,
> judgment should not be entered against him until the matter has been adjudicated
> with regard to all defendants, or all defendants have defaulted." *Hunt* [ ] at 147 [ ].
> The purpose of this rule is "the avoidance of the problem of inconsistent liability

determinations among joint defendants." *Travelers Cas. & Sur. Co. of Am. v. Richard E. Gash Elec. Co.*, No. 08–cv–00813–PAB–KLM, 2009 WL 508165, at \*3 (D. Colo. Feb. 27, 2009) (citing *Hunt,* 770 F.2d at 147). The *Hunt* rule has been extended to joint and several liability in tort and contract. (citation omitted).

*Benton,* 2012 WL 2402839 at \*1. As noted by Judge Matsch and contrary to Plaintiff's argument, *Frow* has not been <u>limited</u> to cases where the damages sought from joint tortfeasors are different; instead, *Frow* was actually <u>expanded</u> to include joint and several liability. *See Travelers Cas. & Sur. Co. of America v. Richard E. Gash Elec. Co.*, Case No. 08–cv–00813–PAB–KLM, 2009 WL 508165, at \*3 (D. Colo. Feb. 27, 2009) ("[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors.")

Given that Supreme Court and Tenth Circuit case law clearly prohibits entry of default judgment against a joint tortfeasor until the remaining co-defendants have either defaulted themselves or resolved their claims on the merits, Plaintiff's Motion must be denied without prejudice as premature.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Plaintiff's Motion for Default Judgment against Defendants PRQ and Swartholm" [Doc. No. 108] be **DENIED** without prejudice.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection

for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.   *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");   *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);   *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of August, 2014.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge