**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-00769-MSK-KMT**

**GENERAL STEEL DOMESTIC SALES, LLC, a Colorado limited liability company, doing business as General Steel Corporation,**

    **Plaintiff,**

**v.**

**ETHAN DANIEL CHUMLEY, individually;
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as Armstrong Steel Corporation;
GOTTFRID SWARTHOLM, individually; and
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP), doing business as PRQ Inet KB,**

    **Defendants.**

---

**OPINION AND ORDER ADOPTING RECOMMENDATION AND
DENYING MOTION FOR DEFAULT JUDGMENT**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#335**) to deny the "Motion for Default Judgment Against Defendants PRQ and Swartholm" (**#108**) filed by the Plaintiff General Steel Domestic Sales, LLC ("General Steel"). General Steel filed a timely Objection (**#357**).

**ISSUES PRESENTED**

As relevant to the instant motion, General Steel asserts a claim for False Advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), against PRQ Internet Kommanditbolag (Limited Partnership) d/b/a PRQ Inet KB ("PRQ"), Mr. Swartholm, Mr. Chumley, and Atlantic Building Systems, LLC d/b/a Armstrong Steel Corporation ("Armstrong Steel").

1

PRQ and Mr. Swartholm were personally served with the Summons and Complaint in this action on April 4, 2013. They failed to respond and the Clerk entered default against both PRQ and Mr. Swartholm on July 11, 2013.

General Steel moves for an entry of default judgment against PRQ and Mr. Swartholm. The matter was referred to the Magistrate Judge, who concluded that entry of default judgment is inappropriate until liability of the nondefaulting parties is determined.

## **FACTS**

General Steel asserts that the Defendants created websites containing "significantly false, misleading, and defamatory content about General Steel and its employees" for the purpose of attacking General Steel's business. The domain name of the first website—www.generalsteelscam.com— was transferred to General Steel after a World Intellectual Property Organization ("WIPO") decision concluding that Mr. Chumley used the website in bad faith. General Steel alleges that, after the WIPO decision, a new website was created with nearly identical content using the domain name www.steelbuildingscomplaints.com.

Mr. Swartholm is the managing partner of PRQ, which is a company that provides web hosting services. PRQ and Mr. Swartholm are the Registrants of www.steelbuildingscomplaints.com and were previously the Registrants of www.generalsteelscam.com.

General Steel asserts that "[t]he registration, establishment and maintenance of these websites were acts taken as a direct result of one or more agreement(s) among all Defendants to undertake false advertising against General Steel." In addition, General Steel alleges that "PRQ and [Mr.] Swartholm are acting as agents of [Mr.] Chumley and Armstrong Steel, and in concert with [Mr.] Chumley and Armstrong Steel" to host these websites.

General Steel seeks injunctive relief against all of the Defendants and seeks an award of damages from Mr. Chumley and Armstrong Steel.

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## ANALYSIS

General Steel objects to the Magistrate Judge's Recommendation on the grounds that the Magistrate Judge erred in relying on *Frow v. de la Vega*, 82 U.S. 552 (1872), to conclude that the Motion for Default Judgment is not ripe. Specifically, General Steel argues that the facts of this case are distinguishable and "this case is not one in which the Plaintiff seeks recovery that could be joint, or joint and several, as among the defaulting and non-defaulting Defendants." In other words, General Steel asserts that the Court can enter default judgment against PRQ and Mr. Swartholm without resolving the claims against the remaining codefendants because there is no risk of inconsistent judgments where General Steel does not seek monetary damages from the defaulting defendants. Accordingly, the Court reviews this portion of the Magistrate Judge's Recommendation *de novo*.

A party is in default if it fails to appear or otherwise defend. Fed.R.Civ. P. 55. However, a party's default is not necessarily sufficient to entitle a plaintiff to an entry of default judgment. *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Instead, "[o]nce default is entered, 'it

remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action.'"[1] *See id.* (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). When one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455–56 (1983)). Otherwise, a court might enter contradictory judgments resulting in an "absurdity" because, for example, "there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded." *See Frow*, 82 U.S. at 554.

General Steel argues that this rule exists only to prevent inconsistent damage awards, not inconsistent judgments. Accordingly, in its view, the reasoning of *Frow* does not apply to a situation, as here, where the plaintiff does not seek an award of damages from the defaulting defendants. In other words, General Steel argues that an entry of default is appropriate against PRQ and Mr. Swartholm because General Steel does not seek an award of damages against them.

Although the Tenth Circuit in *Hunt* focused on the problem posed by inconsistent monetary awards, it is clear from the opinion that inconsistent determinations of liability among codefendants are also disfavored. Specifically, the Tenth Circuit concluded that "just as

---

[1] Here, General Steel must assert facts that establish the following elements: (i) that PRQ and Mr. Swartholm made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (ii) in commerce; (iii) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (iv) injury the plaintiff. *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999) (citations omitted).

<u>consistent verdict determinations are essential</u> among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors." *See Hunt*, 770 F.2d at 148 (emphasis added). This conclusion is consistent with the analysis used in *Frow*, where multiple defendants were accused of joint fraud. 82 U.S. at 554. There, the Supreme Court reasoned that if the court entered judgment against the defaulting defendants, and the case progressed and resulted in a verdict in favor of the remaining defendants then "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." *Id.* In other words, it would be logically inconsistent to have a court issue one judgment in favor of the plaintiff on his joint fraud claim and another judgment against the plaintiff on the same joint claim.

Here, a similarly incongruous result is possible. General Steel asserts that "[t]he registration, establishment and maintenance of these websites were acts taken as a direct result of <u>one or more agreement(s) among all Defendants</u> to undertake false advertising against General Steel" (emphasis added). Thus, if the Court entered default judgment against PRQ and Mr. Swartholm now, but later entered judgment in favor of Armstrong Steel and Mr. Chumley, it would result in logically inconsistent judgments. Accordingly, entry of default judgment against PRQ and Mr. Swartholm should not occur until and unless the claims against the remaining defendants are resolved on the merits.

## **CONCLUSION**

For the foregoing reasons, General Steel's Objection (**#357**) to the Magistrate Judge's Recommendation (**#335**) is overruled.  The Court **ADOPTS** the Magistrate Judge's

Recommendation and **DENIES** General Steel's "Motion for Default Judgment Against Defendant PRQ and Swartholm" (**#108**).

Dated this 9th day of September, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge