IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00769–MSK–KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ INET KB, and
GOTTFRID SWARTHOLM, individually,

Defendants.

## ORDER

This matter is before the court on "Defendants' Ethan Chumley and Armstrong Steel Corporation's (sic) Motion to Strike Plaintiff General Steel's Untimely Supplemental Expert Disclosure of Gregory B. Taylor, or for Alternative Relief" ("Mot.") [Doc. No. 511] filed April 7, 2015. "Plaintiff General Steel's Response to Defendants' Motion to Strike General Steel's Supplemental Expert Disclosure of Gregory B. Taylor, or for Alternative Relief (CM-ECF # 511)" ("Resp.") [Doc. No. 526] was filed on May 1, 2015 and Defendants' Reply was filed on May 18, 2015. [Doc. No. 529.]

1

General Steel timely disclosed its accounting/financial expert, Gregory B. Taylor, on May 14, 2014. (Mot., Ex. A.) In his initial report Mr. Taylor set forth his opinion regarding General Steel's claimed remedy of disgorgement of profits. Mr. Taylor relied upon, among other things, Armstrong's disclosed profits for 2012, estimated profits for 2013 and 2014, and Mr. Chumley's disclosed compensation for 2012 and estimated compensation for 2013 and 2014. (Mot., Ex. A, Sch. 4.) The report also included a category of damages for a search engine optimization employee to work for General Steel to remediate Defendants' alleged false advertising. (Mot., Ex. A, ¶ 14.) Mr. Taylor requested review of certain other financial documents from Atlantic Building Systems, Mr. Chumley and Armstrong Steel, also set forth on Schedule 4. (*Id.*) On May 27, 2014, Armstrong Steel satisfied some of Mr. Taylor's requests including provision of its profit & loss and balance statements for January 2013 through March 2014 and general ledger statements for October 2013 through May 2014. (Mot. at 3.) On November 7, 2014, Armstrong Steel produced updated profit and loss statements and balance sheets "before Armstrong's Rule 30(b)(6) deposition on Armstrong's financials." (*Id.*)

It is not clear from this statement whether the November documents were produced in this case as supplemental or voluntarily produced financial information or in Armstrong Steel/General Steel case 14-cv-01932-REB-CBS, or both cases. Later in the motion Armstrong Steel avers that Mr. Taylor's supplemental report calculating Armstrong's profits for 2012-2014 and estimated profits for 2015 and calculating Mr.Chumley's compensation for these same time periods relies on "general ledgers, P&L statements, and balance sheets produced in other litigation involving General Steel and Armstrong in this Court, Case No. 14-cv-1932." (Mot. at 3-4.) Since

2

the information would be the same regardless of the case, the court infers the information was produced pursuant to discovery obligations in both cases. Material affecting damages is obviously relevant pursuant to Fed. R. Civ. P. 26, and parties have a duty to supplement not only documentary discovery responses, but also testimonial evidence such as that given by a Rule 30(b)(6) witness on Defendants' financials.

Mr. Taylor's May 2014 expert report explicitly expressed the expert's intent to update his calculations as future information became available. The report states

> Based on the limited information produced by Armstrong Steel in its 2013 general ledgers, we are unable to determine at this time the approximate profits for 2013 and 2014 that would need to be disgorged . . . . We expect to update such calculations when information is provided by the defendants.

(Mot., Ex. A at 7, ¶ 13; see *id*. at 8, "We will update these computations if we receive additional information concerning this matter.") On February 24, 2015, such an updated supplemental report was produced by Mr. Taylor. (Mot., Ex. B.)

Armstrong Steel now seeks to strike the supplemental report claiming it was untimely and that the untimely production was neither substantially justified nor harmless. As an alternative to striking the expert, Armstrong Steel seeks leave to depose Mr. Taylor and/or to disclose a new rebuttal expert to the supplemental information and/or to file a Rule 702 motion, all to ameliorate the prejudice it claims.

Federal Rule of Civil Procedure 26(e)(2) provides

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pre-trial disclosures under Rule 26(a)(3) are due.

3

Fed. R. Civ. P. 26(a)(3)(B) provides, "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial."  Further, pursuant to D.C.COLOLCivR 26.1(b), "Disclosures under Fed. R. Civ. P. 26(a)(3) shall be made in the proposed final pretrial order . . . ."  Chief Judge Krieger has not yet set a final pretrial conference in this case and therefore no final pretrial order is yet due.  Likewise, Chief Judge Krieger has not set this matter for trial.  Therefore, the supplemental report is timely under the Rules.

Rule 26(e)(1) permits -- indeed requires -- that an expert supplement his report and disclosures in certain circumstances. Those circumstances are when the party or expert learns the information previously disclosed is incomplete or incorrect in some material respect.  *See* Fed. R. Civ. P. 26(e); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953–54 (10th Cir. 2002).  This provision is "not intended to provide an extension of the expert designation and report production deadlines" and may not be used for this purpose.  *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 324 (5th Cir.1998).  Permissible supplementation under the Rules instead "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."  *Cook v. Rockwell Intern. Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006)(citing *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998)); *Beller v. United States,* 221 F.R.D. 689, 694–95 (D.N.M. 2003).  A party may also be ordered by the court to supplement or correct an expert's disclosure to include information thereafter acquired.  *See* Fed. R. Civ. P. 26(e); *Cook, id*.

"A plain reading of Fed. R. Civ. P. 26(e)(1) suggests that a supplemental expert report should be based upon additional or corrective information that was not available at the time of the

4

expert's original report." *SEC v. Nacchio,* No. 05–cv–00480–MSK–CBS, 2008 WL 4587240, at *3 (D. Colo. Oct.15, 2008) (citing *Minebea Co. v. Papst,* 231 F.R.D. 3, 6 (D.D.C. 2005) (stating that Rule 26(e)(1) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report")).  See also *Scholl v. Pateder*, Case No. 09-cv-02959-PAB-KLM, 2012 WL 2360542, *3 (D. Colo. June 20, 2012)

      Mr. Taylor is Plaintiff's accounting or economic expert not only in this action but also in Civil Action No. 14-cv-01932-REB-CBS, and was Plaintiff's expert in Civil Action 10-cv-01398-PAB-KLM, now concluded.   In all three of these cases, Mr. Taylor offers expert opinion testimony concerning the proper amount of disgorgement damages General Steel should be awarded if it prevails on Langham Act claims in this, or in the other, active federal case. Plaintiff asserts that Mr. Taylor's methodology was and is the same in all three cases (Resp. at 2), and the court's side-by-side comparison of the May 14, 2014 initial report with the February 24, 2015 supplement confirms that Mr. Taylor continues to use the same general theory for calculation of damages and has only updated the raw data provided by Defendant for recent time periods in the supplemental report.   The updated February 2015 report therefore simply substitutes Armstrong Steel's reported financial information for that which was merely estimated in May of 2014 and incorporates factual events transpiring subsequent to his May 2014 report.

      Even if the information provided by Armstrong Steel to General Steel in November 2014 was only submitted in 14-cv-01932-REB-CBS, rather than in both cases, this court finds the argument to be one of form over substance.   Both cases involve the same parties, the same

attorneys, the same issues, the same damages and the same expert witness for General Steel. The supplemental expert report at issue here was submitted by Mr. Taylor in February 2015 in case 14-cv-01932-REB-CBS as well as in this case. Both reports in both cases are identical, except for the cover page. (Mot. at 4.) Mr. Taylor's May 2014 report filed in this case was based upon information provided in discovery and would be subject to a requirement of supplementation in any event to calculate potential damages as of the date of trial. Defendants do not and cannot assert that the information they provided in 14-cv-01932-REB-CBS was somehow different in that case compared to this case; the financial and tax data of the Defendants simply is what it is.

The court finds that the Defendants have suffered no prejudice by the filing of Mr. Taylor's supplemental report in this case and therefore no remedies are appropriate. It appears that Defendants declined to depose Mr. Taylor after his initial May 2014 report was filed. The court finds that Defendants' instant claim of prejudice is simply gamesmanship to allow them a chance to now depose Mr. Taylor long after the time for such a deposition has passed. Further, if the defendants designated a rebuttal expert as a result of Mr. Taylor's disclosure in May 2014, that expert might be able to file his or her own supplementation, if otherwise appropriate. However, to allow Defendants to suddenly disclose a wholly new rebuttal expert is not appropriate.

The court is puzzled by the Defendants' request to file a Fed. R. Evid. 702 motion even if there were any prejudice found by the court. The expert is the same person as was originally disclosed, applying the same methodology to the financial data provided by the defendants. His preparation of a supplemental report reflecting updated financial data provided by the defendants does not trigger anything new. Defendants' right to challenge this expert through Fed. R. Evid.

702 remains unchanged by the supplemental report. However, the Trial Preparation Order in this case issued by Chief Judge Krieger [Doc. No. 158] provides, "The deadline in the Scheduling Order for the filing of dispositive motions shall also be the deadline for parties to file motions challenging the foundational requirements of opinion testimony under Fed. R. Evid. 702." (*Id*. at 2.) The dispositive motion deadline in this case was February 13, 2015. (Minutes of January 14, 2015 [Doc. No. 478].) The defendants did not file a Rule 702 challenge to Mr. Taylor or his methodology underlying his opinions on or prior to that date.

In conclusion, the court's inspection of Mr. Taylor's supplemental report demonstrates that the review of Armstrong Steel's and Ethan Chumley's business and tax records and inclusion of the information stated therein in a supplemental report was not only reasonable, but also required by Rule 26(e)(2). The information came into Mr. Taylor's possession legitimately and had the same value and relevance to the same issues in both cases. The expert was therefore compelled to prepare a supplemental report with the newly acquired evidence. *See, e.g., Pease v. Lycoming Engines,* No. 4:10–cv–00843, 2012 WL 162551, at *8 (M.D. Pa. Jan.19, 2012) (finding an obligation to supplement initial disclosures with tax returns demonstrating "lost earning capacity"); *In re EBW Laser, Inc.,* Bankr.No. 05–10220C–7G, 2010 WL 2382940, at *7 (M.D.N.C. June 14, 2010) (finding diligence when counsel acted promptly by obtaining tax returns, providing returns to expert witnesses, and providing supplemental reports and tax returns to opposing counsel within six months); *Harris Wayside Furniture Co. v. Idearc Media Corp.,* No. 06–cv–392–JM, 2008 WL 7109357, at *4 (D.N.H. Dec. 22, 2008) (accepting tax returns as basis for supplemental expert report regarding decrease in sales).

The noted deficiencies of information in Mr. Taylor's May 2014 report under these circumstances is precisely what Rule 26(e) is intended to correct.   The corresponding need for an adjustment to the calculations in the initial report arising from the passage of time and the actual financial condition of the Defendants is properly achieved by supplementation pursuant to Rule 26(e), particularly because the more current financial information was not available at the time of the initial report.

Therefore, it is **ORDERED**

"Defendants' Ethan Chumley and Armstrong Steel Corporation's (sic) Motion to Strike Plaintiff General Steel's Untimely Supplemental Expert Disclosure of Gregory B. Taylor, or for Alternative Relief" [Doc. No. 511] is **DENIED**.

Dated this 2d day of June, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge