IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00769–MSK–KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ INET KB, and
GOTTFRID SWARTHOLM, individually,

    Defendants.

**ORDER**

This matter is before the court on "Counterclaim Defendant General Steel's Motion to Strike Armstrong's Untimely Ninth Supplemental Rule 26(a)(1) Disclosures" [Doc. No. 531] filed May 19, 2015; Plaintiff's "Motion to Reopen Discovery for Deposition, Document Production and Computer Imaging and Request for Expedited Briefing and Ruling" [Doc. No. 539] filed July 8, 2015; and, "Defendants Ethan Chumley's and Armstrong Steel's Motion to Strike Plaintiff's Untimely Third and Fourth Supplemental Disclosures" [Doc. No. 544] filed August 5, 2015.

Each side of this case seeks to once again prolong the discovery period in what can only be described as a never-ending saga of litigation. Plaintiff General Steel seeks to re-open discovery

to allow additional evidence to bolster its contentions that Armstrong Steel has disparaged General Steel by creating and maintaining a phony consumer complaint site entitled www.steelbuildingcomplaints.com and by mailing false and disparaging letters from the non-existent Consumer Advocacy Alliance to General Steel customers.   Apparently, no sooner than employees of either of these two warring entities leave the employ of one company, they burn a path to the doorway of the other, zealously seeking to add fuel to the competitive fires.   General Steel now seeks to add a number of the latest Armstrong Steel refugees to its witness list. Armstrong Steel opposes General Steel's motion [Doc. No. 542] and files its own motion [Doc. No. 544] seeking to block the addition of these witnesses through striking General Steel's Third and Fourth Supplemental Rule 26(a)(1) Disclosures.

Additionally, General Steel also, well over a year past the close of fact discovery, requests that computers belonging to Mr. Chumley be seized, scanned and produced to Plaintiff/Counterclaim Defendant General Steel, apparently in an effort to find evidence supporting its claim that Mr. Chumley was responsible for the creation and mailing of the Consumer Advocacy Alliance letters.

Not to be outdone, Armstrong Steel has filed its own addition to the ongoing stockpile of accusatory discovery by submitting its Ninth Supplemental Rule 26(A)(1) Disclosures, alleging that they have found a previously undiscovered website, www.consumeraffairs.com, upon which General Steel is advertising itself as a "manufacturer" of steel buildings, an allegation which Armstrong Steel has made in its counterclaims against General Steel with respect to several *different* web advertisements.   General Steel seeks to prohibit any evidence in this case concerning these new allegations and therefore has filed its motion to strike Armstrong Steel's

Ninth Supplemental Disclosures. [Doc. No. 531.]

This case was filed on March 25, 2013. Pursuant to the January 13, 2014 Amended Scheduling Order [Doc. No. 157], July 14, 2014 was the deadline to complete fact discovery on all issues, including the counterclaims. This Court issued orders extending discovery deadlines for specific, limited purposes including concluding a defined set of depositions and document productions. (See [Doc. No. 306], Minutes July 30, 2014; [Doc. No. 358], Minutes August 26, 2014; [Doc. No. 478], Minutes, January 14, 2015.) Discovery for all purposes closed in early February of 2015. Cross motions for summary judgment were timely filed on February 13, 2015 and were fully briefed by March 26, 2015. [Doc. Nos. 486 and 509.] The motions are currently pending before District Judge Marcia S. Krieger.

Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit has identified several relevant factors courts should consider when faced with requests to reopen discovery, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *Id*.

Although trial has not been set in this case, given the age of the dispositive motions, a decision is likely to be rendered shortly and a trial date set thereafter. Although both parties wish to inject new witnesses, evidence and/or issues into the case, each opposes the other's request.

The infusion of new witnesses, evidence or issues at this point will require even more discovery. All the parties will be prejudiced by the extra material and the need for even more time to develop or undercut any newly allowed information. The court's docket will be disrupted. Further, for all except for the newly discovered website,[1] the parties could have obtained the discovery within the appropriate period allotted. The former employees admittedly have different motivations than they may have had when they were employed by Armstrong Steel, but the factual information they can provide - assuming truthful testimony - has not changed.

Neither the fact of new advertisements by General Steel that it is a manufacturer of steel buildings nor the cumulative testimony of now-disgruntled former Armstrong Steel employees adds meaningfully to the issues before the court in this case. Further, although testimony has been inconsistent about Mr. Chumley's use of specific computers, the fact that electronic devices have been used by these companies and their principals to conduct "advertising" agendas has never been in doubt. The time to have made a case for the production of hard drives has long expired. In short, discovery is over and the court sees no good cause on either side to re-open it at this late date.

It is **ORDERED**

1. "Counterclaim Defendant General Steel's Motion to Strike Armstrong's Untimely Ninth Supplemental Rule 26(a)(1) Disclosures" [Doc. No. 531] is **GRANTED;**

2. Plaintiff's "Motion to Reopen Discovery for Deposition, Document Production and Computer Imaging and Request for Expedited Briefing and Ruling" [Doc. No. 539] is **DENIED**;

---

[1] The advertisement is not alleged to have been active prior to April 2015 and, therefore, is not part of the claims in this case, nor could it have been "discovered" prior to its inception which occurred long after the discovery period had ended.

3. "Defendants Ethan Chumley's and Armstrong Steel's Motion to Strike Plaintiff's Untimely Third and Fourth Supplemental Disclosures" [Doc. No. 544] is **GRANTED;** and

4. The motions hearing scheduled for **September 24, 2015 at 1:30 p.m. is VACATED**.

Dated this 11th day of September, 2015.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge