IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13-cv-00769-MSK-KMT

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a
Colorado limited liability company,

Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually,
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as
ARMSTRONG STEEL CORPORATION,
PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP) doing business as PRQ
INET KB, and
GOTTFRID SWARTHOLM, individually,

Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion to Compel Updated Production of

Financial Information" [Doc. No. 613] filed March 16, 2016.   The court is well-acquainted with

this case and, after review of the docket, does not require further briefing on this issue.

With its first set of discovery requests, Plaintiff served Request for Production of

Documents No. 7, which requested, "Please produce YOUR Quickbooks database for the time

period of January 1, 2012 to the present."   Defendants filed a Motion for Protective Order on this

and other Requests [Doc. No. 77].    After briefing on the issues, the Court held a hearing on

September 25, 2013, at which it denied Defendants' objections to Request No. 7.   [Doc. No. 82].

In spite of the court's approval of Plaintiffs' request, in compromise, Plaintiffs agreed to

accept then current Profit and Loss statements from the Defendants, rather than full access to the

Quickbooks database.   (Mot. 1-2.)

Fed. R. Civ. P. 26(e) provides

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or *who has responded to an interrogatory, request for production*, or request for admission--must supplement or correct its disclosure or response:
**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
**(B)** as ordered by the court.

*Id*. (emphasis added).   Although provision of the Profit and Loss Statement was by agreement of

the parties, there is no question that Defendants Ethan Daniel Chumley, Atlantic Building Systems

and Armstrong Steel Corp. "responded to a[n] . . . request for production", to wit: Request for

Production No. 7, by provision of the Profit and Loss statements.   There is no exception to Rule

26(e)'s mandate to supplement simply because the parties agreed to accept substituted information

in place of a much more onerous production which had already been sanctioned by the court.

Now they must supplement the Profit and Loss statements as required by Rule 26(e).

It is **ORDERED**

"Plaintiff's Motion to Compel Updated Production of Financial Information" [Doc. No.

613] is GRANTED.   Defendants Ethan Daniel Chumley, Atlantic Building Systems and

Armstrong Steel Corp. shall provide to the Plaintiffs **on or before March 25, 2016** their updated

Profit and Loss statements current through the end of 2015,.

Dated March 18, 2016.

BY THE COURT:

2

Kathleen M. Tafoya
United States Magistrate Judge