IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-00769-MSK-KMT

**GENERAL STEEL DOMESTIC SALES, LLC**, doing business as General Steel Corporation,

    Plaintiff,

v.

**ETHAN DANIEL CHUMLEY;**
**ATLANTIC BUILDING SYSTEMS, LLC**, doing business as Armstrong Steel Corporation;
**GOTTFRID SWARTHOLM;** and
**PRQ INTERNET KOMMANDITBOLAG (LIMITED PARTNERSHIP)**, doing business as PRQ Inet KB;

    Defendants,

v.

**JEFFREY KNIGHT,**

    Third-Party Defendant.

## OPINION AND ORDER DENYING PRETRIAL MOTIONS

**THIS MATTER** comes before the Court pursuant to several pretrial motions filed by the parties in anticipation of a jury trial to begin on June 20, 2016. The Court assumes the reader's familiarity with the issues in the case, the proceedings to date, and the contents of the motions in question. The Court addresses the motions *seriatim*.

    **A. Docket # 606: General Steel's Renewed Motion for Default Judgment against Defendants Swarthold and PRQ**, Defendants Chumley and Armstrong's response (**#609**), and General Steel's reply (**# 612**)

This motion seeks entry of a default judgment against two Defendants who have never appeared or defended in this action, but who are the nominal registrant and host, respectively, of the internet website at issue in General Steel's claims. The Court has previously refused to enter a default judgment against these Defendants prior to trial, relying in part upon principles articulated in *Frow v. de la Vega,* 82 U.S. 552 (1872), and the continuing need for trial of the claims against Mr. Chumley and Armstrong that stem from the same underlying facts as those against the defaulting Defendants.

This motion is presently referred to the Magistrate Judge for a recommendation, and thus, this Court declines to take it up at this time. It is sufficient to note that the question of whether judgment should enter against the defaulting Defendants has no bearing on the claims to be tried beginning on June 20, 2016, nor would entry of a default judgment relieve any of the parties to that trial of any evidentiary burdens or otherwise expedite the trial proceedings. Accordingly, there is no reason to expedite determination of the motion for default judgment. The Court will take this motion up in the ordinary course of business.

**B. Docket # 614: General Steel's Motion for Ruling on Application of Issue Preclusion . . .**, Defendants Chumley and Armstrong's response **(# 617)**, and General Steel's reply **(# 623)**

Through this motion, General Steel seeks to apply the doctrine of collateral estoppel derived from factual findings made by Judge Brimmer at the conclusion of a bench trial in a prior case between the same parties, *General Steel Domestic Sales, LLC v. Chumley*, D.C. Colo. Case No. 10-cv-01398-PAB-KLM. General Steel identifies 17 factual findings made by Judge Brimmer and requests that "the jury should be instructed that the matters set forth [in those

findings] are fixed facts that they must consider."[1] The findings by Judge Brimmer cover a wide range of subjects, including: (i) Mr. Chumley sending an obscene e-mail to employees at General Steel; (ii) Mr. Chumley creating a website of gay pornography that he falsely attributed to an employee at General Steel; (iii) various actions by Mr. Chumley, directed at search engines like Google and Bing, designed to return advertisements for Armstrong when users entered searches for phrases such as "General Steel" and that Armstrong continued to perform those actions even after search engine representatives asked it to cease; (iv) Mr. Chumley, under a pseudonym, issued false press releases promoting Armstrong (and which, the Court notes, make no reference whatsoever to General Steel); (v) Armstrong used General Steel's corporate logo on its own webpage, along with the text "may the best building win"; and (vi) Mr. Chumley "was responsible for creating" a website called generalsteelscam.com and that he published articles under false names on that website, with the intent of harming General Steel.

To obtain the relief it seeks, General Steel must overcome two separate legal hurdles. First, it must show that the matters to which Judge Brimmer's findings are directed are relevant to issues in and otherwise admissible in this trial; second, General Steel must show that Judge Brimmer's findings on those points meet all the necessary elements of collateral estoppel. For reasons that will become clear momentarily, the Court undertakes its analysis of this issue in reverse order.

To establish that a prior factual finding collaterally estops its opponent from challenging that finding in a later proceeding, the party asserting the doctrine must show: (i) that the issue previously decided is identical with the one presented in the instant action (i.e. the "same issue"); (ii) that the party against whom the doctrine is invoked was a party in the prior action (i.e. the

---

[1] In the "Conclusion" section of its motion, General Steel requests that the Court give this instruction to the jury as part of its initial recitation of stipulated facts.

3

"same party"); (iii) that the prior action was fully and finally adjudicated on its merits; and (iv) that the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior action. *Stan Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 12929, 1297 (10th Cir. 2014).

There is no dispute that Mr. Chumley and Armstrong are the same parties in this case as they were in the case before Judge Brimmer. There is no dispute that that the case before Judge Brimmer proceeded to a final judgment on the merits. There is no dispute that Mr. Chumley and Armstrong had a full and fair opportunity to litigate the enumerated issues in that case. There is substantial question, however, as to whether the same factual issues are present in both cases.

For the "same issue" element to be established, the factual finding in the prior action must have been "essential to the judgment." *Id., citing Arizona v. California*, 530 U.S. 398, 414 (2000). Thus, the mere fact that Judge Brimmer made certain factual findings is not sufficient; General Steel must show that the factual finding in question is one that was <u>essential</u> to an adverse judgment that was entered against Mr. Chumley and Armstrong. The Court need not comprehensively recite the nature of the claims and findings in Judge Brimmer's May 7, 2013 Order. It is sufficient to observe that the factual findings that General Steel recites above are findings that Judge Brimmer made with regard to a trademark infringement claim by General Steel that Judge Brimmer ultimately resolved in <u>Mr. Chumley and Armstrong's</u> favor. That is to say, Judge Brimmer found that Mr. Chumley and Armstrong made inappropriate uses of General Steel's trademarked name and logo when purchasing advertising on search engine results involving General Steel's name and on comparative advertising on Armstrong's website, but that such use did not amount to actionable trademark infringement because General Steel failed to show that such use was likely to mislead consumers. Thus the judgment on this claim was

entered in favor of Mr. Chumley and Armstrong, and the specified factual findings were not essential to it.

Although Judge Brimmer did enter a judgment in favor of General Steel on its claim of false advertising, such judgment related to Armstrong falsely advertising features of its <u>own</u> products – that it falsely claimed to fabricate its own steel and that it falsely claimed that galvanized fasteners were a standard feature of its product. Clearly, this judgment did <u>not</u> turn on the findings enumerated above.

Because the factual findings were not essential to either judgment entered by Judge Brimmer, they cannot act as established facts in this matter. Thus, General Steel may not rely upon the doctrine of collateral estoppel to present facts to the jury or in the event General Steel seeks to put on evidence to establish such facts at trial in this matter, to prevent Mr. Chumley and Armstrong from disputing them.

It is at this point that the Court circles back to the first issue raised in General Steel's motion: whether the enumerated findings <u>are</u> relevant and admissible in this action. The Court declines to consider that question at this time. Whether couched in terms of Fed. R. Evid. 401, 403, or 404(b), questions of relevance and undue prejudice are inextricably bound up with the precise content of the evidence to be offered and the entire context of the trial record as it exists when those questions are raised. As the Court has previously advised the parties, it will not consider such matters in a vacuum, outside of the trial context.[2] Thus, the Court makes no

---

[2] Anticipating that trial of this matter will be as hotly-contested as the proceedings to date have been, the Court takes this opportunity to advise the parties of the protocol that the Court will use at trial to address evidentiary objections. The purpose of this protocol is to maximize the amount of time available to present evidence to the jury, avoid needless interruptions in evidence presentation and to defer lengthy arguments over evidentiary objections to a time after the jury has been released.

findings as to whether some or all of factual issues that Judge Brimmer previously addressed will warrant the admission of evidence at trial; it holds only that, to the extent such factual issues are permissibly raised at trial, General Steel will have to prove its contentions on those issues with evidentiary submissions that will be subject to contest by the Defendants.

Accordingly, General Steel's motion is denied.

**C. Docket # 618 and 620: motions seeking leave to take trial preparation depositions**, and the parties' responses/replies **(# 624, 628, and 629)**.

Each party seeks to take a trial preservation deposition of a third-party witness who resides outside of this jurisdiction; each party opposes the other's request, arguing, in part, that the movant did not properly disclose the witness. Having considered the briefing and supporting materials with regard to both motions, and being fully apprised of the issues such that no further briefing is required, the Court denies both motions.

---

The Court anticipates that it will conclude with the presentation of evidence to the jury at or about 4:00 p.m. each day. The jury will then be released for the day and the CRD will account for the time consumed/remaining for each party. Thereafter, counsel shall confer amongst themselves to disclose which witnesses are expected to be called on the following day and to identify the general subject areas of that testimony. The Court will re-convene with counsel to address any objections, other than relevance, that will be raised and will require ruling testimony. (Relevance objections may be reserved until the witness testifies.)

The objections that the Court anticipates hearing during these sessions will include (but not be limited to) 1) objections that the witness him- or herself was not properly disclosed during discovery, 2) objections that proposed exhibits to be used in the examination of that witness were not properly disclosed during discovery, 3) foundation and 4) objections based on Rules 403, 404(b), and 5) hearsay.

Both sides shall be prepared to fully address the merits of the objection, which may require the proponent of the witness to make a comprehensive proffer of the witness' expected testimony or may require the parties to marshal discovery responses to specifically identify when a particular witness or document was disclosed or produced to the other side. Objections that a party could reasonably have foreseen and raised at this point in the trial will be deemed waived if not asserted at this time.

The Court analyzes the motion over the course of several steps.[3] First, it inquires whether the witness in question is essential to the trial. Although there is some dispute between the parties on this point, the Court will find, for purposes of this motion, that both parties have made a sufficient showing that the evidence to be presented through the witnesses in question is unique – that is, that no other trial witness is able to testify to the same facts.

The second step is to determine whether a preservation deposition is the only effective way to present the witness' testimony. Both motions note that the deponent-witness resides outside the subpoena power of the Court. But both motions seem to suggest that the witness is (at most) refusing only to travel to Colorado to testify at trial; put differently, neither side is contending that the witness would refuse to testify voluntarily if arrangements were made for the witness to testify at trial via technology permitting remote appearance (telephone, videoconference). Neither side has requested leave to present the witness via remote appearance, either prior to filing the instant motions or as an alternative form of relief. Yet remote appearance would seem to be appropriate for both witnesses, given that each party has insisted that the testimony they intend to present through their deponent witness is brief, narrowly-focused, and, to some extent, collateral to the fundamental issues in the trial.[4] The Court is not

---

[3] Both sides rely significantly on *Estenfelder v. The Gates Corp.*, 199 F.R.D. 351, 355 (D.Colo. 2001), a decision that seems to suggest that leave to take preservation depositions should be freely granted. Although this Court need not address *Estenfelder* in detail at this time, it is sufficient to note that this Court disagrees with many of Magistrate Judge Schlatter's assumptions and conclusions in that case. Moreover, *Estenfelder* was decided before the recent amendment to Fed. R. Civ. P. 1, an amendment that imposes upon counsel the obligation to avoid "over-use, misuse, and abuse of procedural tools that increase cost and result in delay." *See* Advisory Committee notes to 2015 Amendment.

[4] The Defendants' witness is Justin Purkeypile, a former General Steel employee who will allegedly testify that General Steel trained him to disparage Armstrong when speaking to prospective customers. General Steel's witness is Viktor Gmyria, an individual who claims to have designed the shield logo that the Defendants contend was designed by a different person.

inclined to authorize parties to engage in the expense of conducting trial preservation depositions unless and until it is clear that the witness' testimony cannot be effectively presented through alternative means, such as remote appearance. Because it appears that both witnesses may be amenable to testifying remotely, the Court denies both motions seeking leave to conduct depositions.[5]

### D. Docket # 625: Defendants' Motion for Protective Order

Although General Steel's time to respond to this motion has not yet run, the Court is sufficiently advised to permit a ruling at this time. D.C. Colo. L. Civ. R. 7.1(d).

The Defendants object to a subpoena *duces tecum* recently issued by General Steel to iStockPhoto, LP, a Canadian company. The subpoena requests that iStockPhoto produce certain user agreements and other documents that applied to users as of 2008. The Defendants raise two major arguments: (i) that the subpoena is a discovery device, being untimely employed several years after the close of discovery; (ii) that General Steel served the subpoena improperly and outside of this Court's jurisdiction.[6]

The Court denies this motion as premature. Assuming that iStockPhoto chooses to respond to the subpoena (notwithstanding its apparent extraterritorial reach), it is not necessarily certain that General Steel will thereafter choose to offer the responsive documents at trial. Moreover, even if General Steel does offer those documents, it will have to demonstrate that the

---

[5] Were the Court to reach the next step, it would inquire whether the need for a preservation deposition was only recently discovered, or whether the party seeking leave to take the deposition had an earlier reason to believe that a deposition might be necessary to preserve the witness' testimony for trial. It would also consider objections that would be cognizable if the witness were to be testifying in person.

[6] The Defendants are careful to state that they do not seek to quash the subpoena – something they concede they lack standing to do – but rather, that they only seek to preclude General Steel from using any of the documents obtained from the subpoena at trial. However, in the body of their motion, the Defendants clearly argue that "the Court should quash it and prohibit the discovery it seeks."

8

documents are relevant, non-cumulative, and otherwise admissible. If it can overcome that difficulty, it must also explain why it did not previously disclose the existence of those documents during discovery, in the Pretrial Order, or on the Exhibit List. Only if all of these events come to pass will it then be necessary for the Court to entertain the objections that the Defendants raise in the motion. This Court will not accept the Defendants' invitation to leap over the preliminary steps in order to opine, in the abstract, on the last one.

But the issue is an opportunity for the Court to remind the parties of an advisement that it has already given them once: the Court intends to <u>strictly</u> apply the disclosure requirements of Fed. R. Civ. P. 26(a)(3) and (e), and Fed. R. Civ. P. 37(c). Witnesses or evidence that were not timely and properly disclosed will be excluded. For evidence that was not disclosed until after the discovery period closed, the Court will require the proponent of that evidence to make a comprehensive showing as to why the information could not have been secured and disclosed earlier and make a showing of reasonable diligence in obtaining and disclosing that information. As noted above, these objections will have to be raised at the close of the trial session on the day proceeding the day on which the proponent intends to offer the witness or exhibit.

Accordingly, this motion is denied.

### E.  Docket # 627 and # 630: motions to strike improperly disclosed witnesses and evidence

As a follow-on from the preceding discussion, both of these motions raise the parties' various objections to certain witnesses and evidence that, they contend, their opponent failed to properly disclose.

As explained above, the Court will take up these motions at the appropriate time during trial, and thus, it denies both motions.

However, the Court will treat the parties' motions as briefs that supplement (but will not substitute for) oral objections that the parties raise at the appropriate time as discussed above. The Court encourages both sides to carefully comb their opponents' motion, to confer in good faith in an attempt to identify the precise date and mechanism by which each item of evidence was disclosed to the opponent, and to attempt to agree on the appropriate disposition of objections where the necessary disclosure either has or has not clearly been made.

For the foregoing reasons, the Court **DENIES** the motions at Docket # **614, 618, 620, 625, 627**, and **630**.

Dated this 24th day of May, 2016.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge